Parker C. J.
delivered the opinion of the Court. The two pleas are substantially alike, and may be considered together. The objection to both is, that they do not aver any *274 usurious agreement when the note was made, or that it was made to secure more than six per cent, upon the sum lent.
It is certain, that in reference to the first section of the statute, both these pleas are defective. That section first prohibits the taking, directly or indirectly, upon any contract for the loan of any money, &c., above the rate of six per cent. ; it then provides, that all bonds, contracts, &c., made in contravention of the statute, shall be void ; and thirdly, it provides that those who shall take, accept, and receive more than the lawful rate of interest, shall be liable to a forfeiture. It has been held in numerous cases, and is now settled law in England, that the taking of usury merely, upon a contract, which when made was free from any corrupt agreement, will not avoid the contract, although it may subject the party taking to the forfeiture prescribed, to be recovered either by action or upon an indictment. And this is a perfectly fair construction of the English statute, it being intended, without doubt, that a contract lawfully made should be valid, notwithstanding any subsequent unlawful conduct of the parties. The case in 1 Saund. 295 is clear to this point, and the note by Serjeant Williams gives a complete history of the decisions upon this subject. The cases of Gardner v. Flagg, and Thompson v. Woodbridge, are decisions to the same point upon our own statute ; so that it is clear, if the facts set forth in these pleas had been traversed and fully proved before a jury, they would not avail against the contract. ■
But it is argued, that by the second section of our statute, ,the object of which is to provide a new mode of proof of the securing or taking of usury, viz. by the party’s oath, the mere taking, without any original agreement therefor, does avoid the contract; and it is upon this section alone that the pleas are supposed to be maintained. To this it is objected, that the legislature could not have intended to allow a' party to avoid a contract by swearing to a fact, which fact upon an issue to the country, however well proved by the ordinary evidence, would not avail him to that effect. And the Court inclined to this opinion at first ; but it is impossible to come to that conclusion without violating the express words of the statute. The second section provides, that when any person shall be s led on *275 any bond, contract, &c., and shall offer to make oath, and, if required by the court, shall actually swear, that there is reserved by such bond, &c., or that the creditor has received more than at the rate, &c., for the forbearance of the moneys, &c., actually lent, such bond, &c., shall be utterly void, and the debtor fully discharged from the payment, &c., unless the creditor will swear that he has not, directly or indirectly, wittingly taken or received, &c., and that by such bond, &c., there is not reserved more, &c. Though this statute gives a privilege to the debtor of avoiding his contract upon his oath, yet, as it. allows the creditor to make oath in support of it, they stand upon equal ground. There does not seem to be a slip of the legislature, as was intimated at the bar. The creditor’s oath applies to both parts of the alternative, as well as the debtor’s. The pleas are expressed in the words of the statute.
We do not in this case overrule former decisions on the statute. The same point came only incidentally before the Court in Thompson v. Woodbridge, where an opinion was given that the law was as contended for by the plaintiff.[1]

Pleas adjudged, good.

 See Frye v. Barker, 2 Pick. 65; Knights v. Putnam, 3 Pick. 171.